UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO.  5:19-CR-03-KKC

UNITED STATES OF AMERICA,                                                                  PLAINTIFF,

V.                                       **RECOMMENDED DISPOSITION**

DOMINIQUE JAMAR McCANN,                                                              DEFENDANT.

The defendant appeared before the undersigned for a hearing on charges of committing multiple violations of supervised release.  Present and represented by counsel, the Defendant expressed his desire to stipulate to all violations and, as a result, was placed under oath and advised of all applicable rights including the right to remain silent, to the assistance of counsel, and to a final hearing.  In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment.   During the hearing McCann stipulated to committing violations 1, 2, 3 and 5.  The United States moved to dismiss violations 4 and 6 without prejudice.  Afterward the Court heard statements from all parties relevant to the penalty that should be imposed and took the matter under advisement.

Based upon the Defendant's testimony at the final hearing admitting to the violation conduct, it is established by a preponderance of the evidence that he committed the following violations of supervision:

> **Violation #1**
> **Mandatory Condition #1: You must not commit another federal, state or local crime.** Cocaine is a Schedule II Controlled Substance, pursuant to the Controlled Substances Act. Due to the defendant's prior conviction and with the Sixth Circuit Court of Appeals' finding that use equals possession, his possession of cocaine as noted, constitutes a violation of 21 U.S.C. Section 844(a), a Class E felony, punishable by a term of imprisonment not to exceed two years. **This is a Grade B Violation.**

**Violation #2**

**Mandatory Condition #2: You must not unlawfully possess a controlled substance.** On October 2, 2024, McCann reported to the probation office and provided a urine sample which screened positive for cocaine. He admitted to using cocaine on or about September 28, 2024. **This is a Grade C Violation**.

**Violation #3**

**Mandatory Condition #3: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** McCann admitted to ingesting cocaine on or about September 28, 2024. **This is a Grade C Violation.**

**Violation #5**

**Special Condition #2: You must participate in a substance abuse treatment program and must submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision. Said program may include one or more cognitive behavioral approaches to address criminal thinking patterns and antisocial behaviors. You must pay for the cost of treatment services to the extent you are able as determined by the probation officer.** McCann failed to appear for counseling sessions on September 23, 2024, and September 30, 2024. **This is a Grade C Violation**.

The most serious conduct constitutes a Grade B violation of his supervision conditions. McCann has a criminal history category of III, which leads to a Guidelines recommendation that if revoked, he should be incarcerated for 8-14 months, with the maximum authorized period of imprisonment being 60 months. Supervision may be reimposed for up to 60 months, less the time spent incarcerated on the violations.

## STANDARD

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider B
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>> (2) the need for the sentence imposed B
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>> (3) the kinds of sentences available;
>> (4) the kinds of sentences and the sentencing ranges established...
>> (5) any pertinent policy statement...
>> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## DISCUSSION

Dominique McCann was born on August 31, 1996, and is now 28 years of age. He was raised in Lexington, Kentucky, where he lived most of his life. He is the father of two children, and he reports having contact with both. He reports a history of having sustained two gunshot wounds from which he has recovered. He has a history of substance abuse beginning at the age of 14, when he used alcohol and cannabinoids, and cocaine at the age of 16. He is a graduate of Bryan Station High School, has received some vocational training in carpentry, but pursued no further formal training or education. He is and has been unemployed.

On August 1, 2019, McCann was sentenced to 80 months of imprisonment with three years of supervision to follow, after entering a guilty plea to Possession with the Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Heroin, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. He was released to supervision on May 17, 2024, and was referred to drug and alcohol intake on June 11, 2024. The violation conduct at issue began in September, 2024, when he tested positive for the use of cocaine.

## HISTORY AND CHARACTERISTICS

In considering the nature and circumstances of the instant offenses and the Defendant's history and characteristics, the court finds the following particularly relevant. On July 12, 2024, he was positive for use of cocaine. He denied using the substance, but later admitted that he lied to his supervising officer. At that time, the Court took no action on the violation. His prior criminal history is summarized as follows:

1. On June 14, 2016, he was found guilty of tampering with physical evidence, fleeing or evading police, carrying a concealed deadly weapon, possession of a controlled substance and possession of marijuana. In essence, he fled from officers, leading them on a chance over fences and down roadways. He removed a concealed firearm from his waistband and discarded it as he fled. Upon search, officers found marijuana, and Xanax. He received a sentence of 1 year of imprisonment, suspended for 5 years of supervised probation.

2. On August 10, 2016, while on supervision for the conviction referenced in paragraph 1 above, he was again convicted of fleeing or evading police.

3. The plea agreement in his case is based upon conduct that occurred in May, 2018, when a vehicle driven McCann was stopped by law enforcement officers after two high speed

4

pursuits. McCann was found to be in possession of a Glock handgun, crack cocaine and marijuana. It is notable that the offense conduct occurred while McCann was subject to the suspended sentence imposed by the Fayette Circuit Court, referenced in paragraph 1, above.

## **RECOMMENDATION**

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

In fashioning a recommendation in the case, the Court considers the information above, McCann's background and criminal history category of III. In addition, the Court considers his statements, wherein he expressed his sincere desire to be given a chance to continue on supervision, requesting the Court's assistance with that goal. However, to satisfy the considerations of the statute, the undersigned can find no reason to recommend a sentence below the recommended guideline range. McCann offers little evidence to indicate that he is committed to seeking improvement in his life. He has not pursued further education or employment with any commitment. His history exhibits a pattern of committing violations of the law while subject to a suspended sentence after being found guilty of a controlled substance and weapons offense. In addition, he fails to comply with some very basic conditions of supervision, such as appearing for counselling sessions. Therefore, the Court can find nothing in his history or personal characteristics to justify a sentence below the guidelines and will therefore recommend a low

guidelines sentence for a period of incarceration of 8 months, with 60 months of supervision to follow (less the period of time spent while imprisoned on the violation conduct. to follow).

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission, and therefore has been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty of Violations 1, 2, 3 and 5, as charged, and that the United States' motion to dismiss Violation 4 and 6 without prejudice be GRANTED.

(2) That his supervision be revoked.

(3) That he should be sentenced to a period of 8 months incarceration with 60 months of supervision to follow, less the time spent while incarcerated.

(4) That upon a waiver filed into the record **WITHIN FOURTEEN DAYS** evidencing a knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced; and

(5) If the Defendant chooses to exercise his right of allocution before the presiding District Judge, the matter should be scheduled for a final hearing for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d

737, 749B50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed October 23, 2024.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge